UNITED STATES of America, Plaintiff—Appellee,

v.

**Fernando ESPARZA, Defendant—Appellant.**

No. 07–50293.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Jan. 20, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

See also 552 F.3d 1088.

Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division,

Los Angeles, CA, Robert C. Stacy, II, Esq., USR–Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GRABER and CLIFTON, Circuit Judges, and TRAGER,* District Judge.

## MEMORANDUM **

Defendant Fernando Esparza pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Defendant appeals his sentence of 235 months' imprisonment and certain conditions of lifetime supervised release. We affirm in part, vacate in part, and remand for resentencing.

1. The district court properly imposed a two-level adjustment to the offense level based on the number of images possessed. Defendant conceded this issue in his reply brief.

2. We have reviewed the four images that the district court found were "sadistic." Applying the definition in *United States v. Rearden*, 349 F.3d 608, 615 (9th Cir.2003), we conclude that the district court did not clearly err, *see United States v. Mix*, 457 F.3d 906, 911 (9th Cir.2006), in increasing the offense level under U.S.S.G. § 2G2.2(b)(3).

3. We review for plain error the seven-level enhancement under U.S.S.G.

§ 2G2.2(b)(2)(D), because Defendant did not raise this issue in the district court. *United States v. Rendon–Duarte*, 490 F.3d 1142, 1146 (9th Cir.2007). Under that standard, the district court plainly erred, based on the record as it then stood, in finding that the persons in the chat logs were actual minors. The record contains no verification of any kind that any of the persons was an actual minor; their being actual minors is implausible in view of the sophisticated wording of the chat logs and the manner in which such chat rooms operate; and the government's failure to try to find the alleged minors and its failure to request the enhancement in the first place suggest that it could not prove and likely did not believe that any recipient was an actual minor. On remand, this question may be revisited, and the district court may permit the submission of additional evidence. *See United States v. Pham*, 545 F.3d 712, 723 (9th Cir.2008); *United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir.2002) (en banc) ("On remand, the district court generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo.").

4. Defendant challenges four conditions of his lifetime supervised release. We review for abuse of discretion. *United States v. Weber*, 451 F.3d 552, 557 (9th Cir.2006).

(a) We consider Condition 5 in a published opinion filed this date and hold there that Defendant's appeal is well taken with respect to portions of Condition 5.

(b) Condition 6 allows a treatment provider to give information (other than the Presentence Report) to state or local

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

service agencies for the purpose of facilitating Defendant's rehabilitation. We upheld a nearly identical condition in *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir.2008), *cert. denied*, —— U.S. ——, 129 S.Ct. 957, 173 L.Ed.2d 153 (2009). To the extent that Defendant raises an argument not addressed in that case, that is, improper delegation, we reject the argument. The challenged condition does not impose punishment.

■ (c) Condition 10, forbidding computer access to "any material that relates to pornography or images of minors," is vague and overbroad. *Id.* at 1003; *United States v. Cope*, 527 F.3d 944, 957–58 (9th Cir.), *cert. denied*, —— U.S. ——, 129 S.Ct. 321, 172 L.Ed.2d 232 (2008). On remand, the district court may either strike or clarify this condition.

■ (d) Condition 11, which forbids possession of materials depicting or describing sexually explicit conduct as defined at 18 U.S.C. § 2256(2), is not unduly restrictive. *Stoterau*, 524 F.3d at 1010; *Rearden*, 349 F.3d at 620; *United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir.1998).

SENTENCE AFFIRMED in part, VACATED in part, and REMANDED.

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's disposition except with respect to the seven-level enhancement for distributing child pornography to a minor to entice the minor to engage in prohibited sexual conduct, U.S.S.G. § 2G2.2(b)(2).

Before the district court, Defendant did not argue that no person on the chat logs was an actual minor. Instead, he argued that he was enticing minors only to masturbate, which does not qualify as prohibited sexual conduct. The district court disagreed, finding that there was ample evidence of enticement to perform additional, prohibited sexual conduct. Defendant does not renew that argument on appeal.

I would rule that Defendant forfeited the opportunity to argue on appeal that no person on the chat logs was an actual minor. He implicitly conceded the point in the district court by asserting that the enhancement does not apply to enticing *minors* to masturbate. For that reason, the government was never called on to prove that one or more recipients was an actual minor, and it is inappropriate to draw a negative inference from the absence of such proof.

In the alternative, I would hold that the district court did not plainly err in crediting the self-identifications of several chatroom participants as being minors. For example, one participant stated that she was a girl who would soon turn 12; another participant stated that she was a girl whose older brother is almost 16 years old.

For these reasons, I respectfully dissent in part.