# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KATHRYN MCOMIE-GRAY,
          *Plaintiff-Appellant,*

          v.

BANK OF AMERICA HOME LOANS,
FKA Countrywide Home Loans,
Inc.,

          *Defendant-Appellee.*

No. 10-16487

D.C. No.
2:09-cv-02422-
MCE-EFB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted
December 6, 2011—San Francisco, California

Filed February 8, 2012

Before: Carlos T. Bea and Stephen S. Trott, Circuit Judges,
and Rebecca R. Pallmeyer, District Judge.*

Opinion by Judge Pallmeyer

---

* The Honorable Rebecca R. Pallmeyer, United States District Judge for
the Northern District of Illinois, sitting by designation.

## COUNSEL

Thomas A. Jenkins and Daniel Joseph Mulligan, San Diego, California; Larry Wayne Gabriel, Woodland Hills, California; Jenkins Mulligan & Gabriel LLP; Pamela Simmons, Simmons & Purdy, Soquel, California, for the plaintiff-appellant.

James Goldbert, Bryan Cave LLP, San Francisco, California, for the defendant-appellee.

Tara A. Twomey, Carmel, California, for the amicus.

**OPINION**

PALLMEYER, District Judge:

Kathryn McOmie-Gray appeals the dismissal of her lawsuit for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). McOmie-Gray sought rescission of her loan secured by a trust deed with Bank of America Home Loans ("the Bank") for alleged violations of disclosure requirements under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* On the Bank's motion, the district court dismissed the suit as untimely because it was filed after the three-year period set by 15 U.S.C. § 1635(f). McOmie-Gray argues that because she gave the Bank timely notice of rescission, she was not required to bring suit within the three-year period, and the district court erred in dismissing this case.

For us, the question presented is a matter of first impression. McOmie-Gray cites decisions from several district courts in this circuit that apply the one-year statute of limitations set forth in 15 U.S.C. § 1640(e), measuring the time from the date on which the lender fails to respond to the borrower's notice of rescission. We disagree with those courts, and conclude, as set forth below, that the time limit established by 15 U.S.C. § 1635(f) is applicable here. Moreover, as we explained in *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir. 2002), 15 U.S.C. § 1635(f) is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan secured by the first trust deed, regardless of when the borrower sends notice of rescission.

I

On April 14, 2006, McOmie-Gray obtained a first trust deed loan from Paramount Equity Mortgage. At the closing, McOmie-Gray was presented with several loan documents to

sign, including two Notice of Right to Cancel forms. McOmie-Gray alleges, however, that neither of these forms explained when the borrower's right to cancel would expire. Subsequently, Paramount assigned its interest in the loan to Countrywide Home Loans, Inc., a company that the Bank later acquired.

On January 18, 2008, McOmie-Gray, through her attorney, sent the bank notice of her intent to rescind the loan, citing the Bank's failure to advise McOmie-Gray of the final date to cancel the transaction. The Bank refused rescission, asserting that McOmie-Gray had received proper notice of her right to rescind. According to McOmie-Gray, although the Bank initially refused to accept her notice of rescission, it "negotiated with [her] for over a year regarding the rescission." McOmie-Gray's Opening Brief at 5. McOmie-Gray further alleges that to facilitate this negotiation, the Bank agreed to toll the statute of limitations with respect to her TILA claims until August 30, 2009.

On August 28, 2009, McOmie-Gray filed a complaint with the district court seeking rescission of the loan secured by a first trust deed. On the Bank's motion, the district court dismissed the initial complaint with leave to amend because McOmie-Gray failed to allege tender. McOmie-Gray then filed her First Amended Complaint on March 30, 2010. The district court dismissed the First Amended Complaint as well. In its June 23, 2010 order, the court concluded that McOmie-Gray's right to rescission was subject to a three-year statute of repose under 15 U.S.C. § 1635(f). Because this period expired on its face on April 14, 2009—three years after the consummation of the mortgage transaction—the court concluded that McOmie-Gray's claim was time-barred. The court made no mention of the alleged tolling agreement.

II

**[1]** TILA protects consumers from fraud, deception, and abuse within the residential secured lending marketplace by

mandating that lenders disclose certain information to bor-rowers. To ensure that lenders comply with these disclosure requirements, TILA grants borrowers the right to rescind a home-secured loan in the event the lender has failed to make the required disclosures. Specifically, § 1635(a) provides that a borrower shall have a right to rescind a loan secured by the borrower's residence by providing prompt notice to the credi-tor:

> [T]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the [Fed-eral Reserve Board], of his intention to do so.

15 U.S.C. § 1635(a). Regulation Z, promulgated by the Fed-eral Reserve Board, confirms that notification is the means by which borrowers exercise their right to rescind:

> To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for tele-graphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

12 C.F.R. § 226.23(a)(2). Rescission is not automatic upon a borrower's mere notice of rescission, as McOmie-Gray con-tends, however. Instead, where a lender fails to comply with § 1635(b), the statute and regulations contemplate that a bor-rower, who by sending notice of rescission has "advanced a claim seeking rescission," will seek a determination that

rescission is proper. *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 55 (1st Cir. 2002).

**[2]** Section 1635 does not explicitly establish a time limit in which borrowers must bring suit for rescission if a lender does not comply with the rescission request. Indeed, it "says nothing in terms of bringing an action" or "a suit's commencement." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998). Where the borrower alleges, as McOmie-Gray has here, that "proper notice of rescission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163 (9th Cir. 2002). Specifically, § 1635(f) provides:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor.

15 U.S.C. § 1635(f). In another section of the Act, 15 U.S.C. § 1640, Congress created a claim for damages for a lender's violation of TILA, adopting a one-year statute of limitations for such actions. This provision makes no mention of rescission which, as noted, is governed by § 1635 and its three-year statute of repose.

### III

**[3]** Were we writing on a blank slate, we might consider whether notification within three years of the transaction could extend the time limit imposed by § 1635(f). But under the case law of this court and the Supreme Court, rescission

suits must be brought within three years from the consumma-
tion of the loan, regardless whether notice of rescission is
delivered within that three-year period.

In *Beach*, the Supreme Court addressed whether mortga-
gors, who never sent a notice of rescission to the lender, could
nonetheless raise the right of rescission as "an affirmative
defense in a collection action brought more than three years
after the consummation of the transaction." 523 U.S. at 411-
12. The mortgagors conceded

> that any right they may have had to institute an inde-
> pendent proceeding for rescission under § 1635
> lapsed . . . three years after they closed the loan with
> the bank, but they argue[d] that the restriction to
> three years in § 1635(f) is a statute of limitation gov-
> erning only the institution of suit and accordingly
> has no effect when a borrower claims a § 1635 right
> of rescission as a "defense in recoupment" to a col-
> lection action.

*Id.* at 415. The Court rejected this proposed reading of
§ 1635(f). Specifically, the Court observed that

> [s]ection 1635(f) . . . takes us beyond any question
> whether it limits more than the time for bringing a
> suit, by governing the life of the underlying right as
> well. The subsection says nothing in terms of bring-
> ing an action but instead provides that the "right of
> rescission [under the Act] shall expire" at the end of
> the time period. It talks not of a suit's commence-
> ment but of a right's duration, which it addresses in
> terms so straightforward as to render any limitation
> on the time for seeking a remedy superfluous.

*Id.* at 417 (alteration in original). The plain meaning of the
Act, the Court concluded, "permits no federal right to rescind,
defensively *or otherwise*, after the 3-year period of § 1635(f)

has run." *Id.* at 419 (emphasis added). Thus, the Court held that the mortgagor could not raise the right to rescind as a defense to the mortgagee's foreclosure action after the three-year period had run. *Id.* The language the Court used, however, broadly assumes that a three-year limitation governs cases where a borrower, as plaintiff, seeks rescission of the mortgage transaction.

Following the Supreme Court's holding in *Beach*, we addressed the question whether a borrower may file a lawsuit seeking rescission beyond the three-year period if the borrower never sent a timely notice of rescission. *Miguel*, 309 F.3d 1161. In *Miguel*, the borrowers refinanced their home on December 1, 1994. On November 7, 1997, the borrowers sent notice of rescission to the mortgage servicer, an agent of the actual lienholder. The borrowers filed suit against the agent on December 1, 1997, exactly three years from the closing date. When the borrowers realized that they had sued the wrong entity, they filed an amended complaint that included the lienholder as a defendant on June 17, 1998, well after the three-year period had expired. The district court concluded that the borrower was entitled to rescission. *Id.* at 1162-63.

**[4]** On appeal, we reversed and held that the borrowers' right to rescission had expired because the bank did not receive a notice of rescission within three years from the consummation of the transaction. *Id.* at 1165. We relied on *Beach* and a Ninth Circuit opinion holding "that section 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." *Id.* at 1164 (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)). The *Miguel* court concluded in broad language that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Id.* at 1164. Section 1635(f) is therefore not merely a statute of limitations—it completely extinguishes the underlying right itself. The plaintiff in *Miguel* argued that her

notice of rescission triggered an additional one-year period for filing suit under § 1640. We concluded, however, that § 1640 was irrelevant, and now hold that adopting § 1640's one-year statute of limitations to rescission actions contradicts the plain language of the statute.

**[5]** We are bound by *Miguel*, not only as to its "logically necessary" holdings but also as to its reasoned dicta. *See U.S. v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc). "[W]here a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense." *Id.* at 914. We thus adhere to *Miguel*'s conclusion that § 1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions. We recognize, however, that the Supreme Court has established a clear-statement rule for treating a statutory limitation on coverage as jurisdictional. *See Gonzalez v. Thaler*, ___ S. Ct. ___, 2012 WL 43513, at *4 (Jan. 10, 2012); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006). Consistent with this intervening Supreme Court precedent, though the three-year statute is mandatory and enforceable, we withdraw our characterization of that bar as jurisdictional.

**[6]** Because § 1635(f) is a statute of repose, it extinguished McOmie-Gray's right to rescission on April 14, 2009, three years after the consummation of the loan. McOmie-Gray did not file her rescission suit until August 28, 2009. Therefore, the district court properly dismissed this case as untimely and, as McOmie-Gray herself conceded at oral argument, whether she and Bank of America Home Loans had an agreement tolling the statute of limitations is irrelevant.

**AFFIRMED.**