**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN D. MOORE, | No. 11-35499 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00139-TSZ |
| v. | |
| ING BANK, FSB, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted April 12, 2012[**]
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

Appellant Karen Moore closed on the refinance of two mortgage loans with

appellee ING Bank FSB ("ING") on November 19, 2007. She claims the Notices

of Right to Cancel she received at closing were defective in that they did not meet

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the requirements of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. Specifically, the notices allegedly were not signed and did not have the dates filled in showing the beginning and ending of the period of her right to cancel the loans. Pursuant to 15 U.S.C. § 1635(f), the normally three-day period for cancellation is extended to three years when the notice provided to the borrower does not meet TILA's requirements. Moore sent written notice of rescission to ING on September 13, 2010. Moore filed suit under TILA on January 10, 2011.

Where the lender provides defective notice of the right to rescind a loan, the borrower's right to rescind terminates three years after the consummation of the loan. 15 U.S.C. § 1635(f); *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012). This is true even if the borrower had provided the lender notice of the rescission prior to the expiration of the three-year period. *Id.* Moore brought her suit seeking rescission of the loans more than three years after the consummation, which is to say she brought her suit after her right to rescind had terminated. Therefore, the district court did not err in dismissing the action as untimely.

**AFFIRMED**.