FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> FERNANDO ESPARZA, <br><br> Defendant - Appellant. | No. 11-50265 <br><br> D.C. No. 5:05-cr-00056-VAP-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 5, 2012
Pasadena, California

Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK, District
Judge.[**]

Defendant-appellant Fernando Esparza ("Esparza") appeals from his

sentence for distribution of child pornography in violation of 18 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable John W. Sedwick, District Judge for the U.S. District
Court for Alaska, sitting by designation.

2252A(a)(2)(A). The district court applied a five-level sentencing enhancement for the number of images involved in the offense under § 2G2.2(b)(6)(D) of the November 2002/April 2003 version of the United States Sentencing Guidelines ("Guidelines"), because, factoring in the images found in Esparza's possession, it concluded that the offense included more than 600 images of child pornography. The district court relied on the definition of relevant conduct in § 1B1.3(a)(1) of the Guidelines.

Esparza argues that the district court erred when it included the images in his possession as relevant conduct, relying on United States v. Williamson, 439 F.3d 1125 (9th Cir. 2006). The government argues that Williamson is not binding precedent. But we cannot reconsider an issue that a panel has given reasoned consideration in a previous case, even if the earlier panel's consideration of the issue was not strictly necessary. United States v. Johnson, 256 F.3d 895, 914-15 (9th Cir. 2001) (en banc) (Kozinski, J., concurring); see also McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012). We should only revisit an issue when convinced that the earlier panel did not make a deliberate decision to adopt the rule of law it announced. Johnson, 256 F.3d at 915-16. We therefore conclude that Williamson controls here, so the images Esparza merely possessed may not be included as relevant conduct under § 1B1.3(a)(1). Thus, the

district court erred.

We decline to consider for the first time on appeal whether § 1B1.3(a)(2) supports use of a five-level enhancement. We leave that issue for consideration by the district court.

**VACATED AND REMANDED** for further proceedings consistent with this decision.