
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ESTELL DAVIS, | ) | No. 11-17592 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 4:10-cv-00489-PJH |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| TRUSTEE, AS TRUSTEE FOR | ) | |
| SERIES HBV 2007-3, an entity of | ) | |
| unknown type; GMAC | ) | |
| MORTGAGE, LLC; JASON | ) | |
| HAYNES; LAKESHORE FUNDING, | ) | |
| | ) | |
| Defendants – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted July 8, 2013
San Francisco, California

Before:    FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Estell Davis appeals the district court's grant of summary judgment in favor

of Wells Fargo Bank, N.A., and GMAC Mortgage, LLC (hereafter Assignees).  We

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

affirm.

Davis asserts that the district court incorrectly ruled that BankUnited FSB made the disclosures required by the Truth in Lending Act ("TILA") when she obtained a loan secured by her home.[1]  She also asserts that under the circumstances, the Assignees can be held liable.  We disagree with her first claim and, as a result, need not and do not reach the second claim.

TILA requires that "lenders disclose certain information to borrowers,"[2] and that they do so completely, accurately, and clearly.[3]  BankUnited met those requirements.  Specifically:

(1)    The interest rate on the note given by Davis was set forth, as was the percentage that would be used to calculate the initial monthly payment.  Moreover, as required by TILA,[4] the finance charge, which includes the interest on the note, was expressed as an annual percentage rate (APR).

---

[1]15 U.S.C. § 1601–1667f.

[2]McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1327 (9th Cir. 2012).

[3]See Barrer v. Chase Bank USA, N.A., 566 F.3d 883, 887 (9th Cir. 2009); Jones v. E*Trade Mortg. Corp., 397 F.3d 810, 812 (9th Cir. 2005); see also Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1118 (9th Cir. 2009).

[4]15 U.S.C. § 1638(a)(4); see also 15 U.S.C. § 1605(a) (defining finance charge).

(2)     There was no failure to disclose any discounted interest rate,[5] and Davis' argument to the contrary appears to confuse the rate used to calculate her monthly payments with the interest rate on the loan itself.

(3)     There was no failure to properly show the interest rate in the TILA disclosure statement.  In fact, the disclosure set forth the APR, which included the interest rate on the note, and also disclosed the "number, amounts, and timing of payments."  12 C.F.R. § 226.18(g); see also 15 U.S.C. § 1638(a)(6).  The fact that the interest rate would vary from month to month does not undercut the propriety of the disclosure because the initial rate is the rate that must be used.  See 12 C.F.R. Pt. 226 Supp. I, subpt. C, para. 17(c)(1), cmt. 8.

(4)     There was no failure to disclose the fact that there would be negative amortization;[6] that was set out in the note itself and in the loan disclosure.  The former pointed out that when the monthly payment was less than the interest that had accrued, the difference would add to principal.  The latter explained that was called negative amortization and that negative amortization would begin with the first monthly payment (if only the required payment was made) and subsequently

---

[5]See 12 C.F.R. § 226.19(b)(2)(v).

[6]See 12 C.F.R. § 226.19(b)(2)(vii); see also 12 C.F.R. Pt. 226 Supp. I, subpt. C, para. 19(b)(2)(vii), cmt. 2.

would occur when monthly payments were less than accrued interest.

AFFIRMED.