NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0726n.06

Case No. 12-2317

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Aug 06, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CROFFORT E. LUMPKIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DEUTSCHE BANK NATIONAL TRUST | ) | COURT FOR THE EASTERN |
| COMPANY, as Trustee for Harbor View | ) | DISTRICT OF MICHIGAN |
| Mortgage Loan Trust, Mortgage Loan Pass- | ) | |
| Through Certificates, Series 2007-5; | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS INC., | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN BROKERS CONDUIT; | ) | |
| HARBORVIEW MORTGAGE LOAN | ) | |
| TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

BEFORE:   BATCHELDER, Chief Judge; COOK, Circuit Judge; O'MALLEY, Circuit Judge.[*]

   **ALICE M. BATCHELDER, Chief Judge.**  Plaintiff Croffort E. Lumpkin, Jr. purchased

a home in Newport, Michigan, on May 18, 2007.  That same day, he borrowed $233,810 against the

_____

[*]The Honorable Kathleen M. O'Malley, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

property from American Brokers Conduit.[1] Lumpkin stopped making payments on the loan in April 2009 and went into default. A month later, Billy Thomas (a non-attorney agent of Lumpkin's) sent a letter on behalf of Lumpkin to American Home Mortgage Services.[2] The letter was labeled as a "'Qualified Written Request' under Section 6 of the Real Estate Settlement Procedures Act" and demanded "copies of ALL documents pertaining to the origination" of the mortgage. [R. 49-2 (May, 2009 letter) at 2, Page ID 713.]

The mortgage was assigned to defendant Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee, on February 19, 2010. Lumpkin remained in default. Deutsche Bank initiated a foreclosure by advertisement, and the property sold at a sheriff's sale on March 11, 2010. Deutsche Bank purchased the property at the sale. Lumpkin's right of redemption expired six months later on September 11, 2010.

Lumpkin filed his complaint on September 2, 2010. The district court declined to exercise supplemental jurisdiction over the many state law claims, and also dismissed all claims against two of the four defendants because they were never served. Finally, the court dismissed a claim Lumpkin brought under RICO.

This left only the claims brought under the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). The remaining defendants moved for summary judgment, and the district court referred the motion to a magistrate judge. The magistrate judge recommended that

---

[1] American Brokers Conduit was originally a named party in this dispute, but the district court dismissed all claims against it. Deutsche Bank, the primary defendant here, is the trustee of Harborview Mortgage Loan Trust.

[2] Lumpkin seems to believe that American Home Mortgage Services was the loan servicer, at least as of 2009. It is not a named party in this suit at this point.

the court grant the motion on all claims, holding that all of Lumpkin's TILA and RESPA claims were time-barred. Lumpkin objected only to the TILA rulings. The district court adopted the magistrate judge's report in full. Lumpkin appealed, and we review the district court's grant of summary judgment *de novo*. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

## I.

Lumpkin makes three arguments on appeal. First, Lumpkin argues that the district court improperly granted defendants' motion for summary judgment simply because Lumpkin failed to file a response to the motion. The district court did indeed note that Lumpkin's failure to respond meant that the motion was "unopposed" and that it was within the court's authority to grant the motion "with little further discussion or analysis." Lumpkin's failure to respond, however, was *not* the basis for the decision of the district court, which went on to consider the merits of the suit. Lumpkin's argument, therefore, is inconsequential to the outcome of this case.

## II.

Next, Lumpkin argues on appeal that he exercised his right of rescission under TILA before it became time-barred. TILA allows a seller to bring a claim for rescission if certain disclosures are not made. This right to rescind is created by 15 U.S.C. § 1635(a):

> [I]n the case of any consumer credit transaction . . . in which a security interest . . . [is] acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consumption of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.

3

This provision gives the debtor a right to rescind for three business days from *the later of* either the day of the transaction or the date the required forms and disclosures are delivered. *Id*. Lumpkin alleges that the required forms and disclosures were never delivered, and so his three days never began to run, allowing him to exercise the right in the current suit.

> TILA, however, provides a time limit for exercise of the debtor's right of rescission:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .

15 U.S.C. § 1635(f). Here, the date of consummation and sale of the property was May 18, 2007. Even if the forms and disclosures were never delivered and Lumpkin's three-day rescission period never began under § 1635(a), his right of rescission expired in May 2010 under § 1635(f). Because Lumpkin did not file this suit until September of 2010, the district court correctly found that his right of rescission had expired and dismissed the claim.

Lumpkin challenges this conclusion on appeal. He argues (1) that the right to rescind is exercised by notice to the creditor, (2) that he so notified the creditor in his May 20, 2009 letter, and (3) that this notification rescinded the mortgage before the clock expired under § 1635(f).

Lumpkin's argument fails for two reasons. First, the record contains only one May 20, 2009, letter, and it is simply *not* a notification of rescission. The letter makes no mention of rescission or TILA. It only purports to be a "Qualified Written Request" under RESPA. Because it is *not* a letter of rescission, Lumpkin's argument on appeal is merely academic. He did not exercise his right of

4

rescission until he filed the present suit, and this suit was filed in September 2010, months after his right of rescission expired under § 1635(f).

Second, Lumpkin's interpretation of § 1635(f) completely ignores Supreme Court precedent, which holds that the *right* of rescission under § 1635(f) itself expires in three years, not merely the time to bring suit. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998). The Court explained:

> Section 1635(f), however, takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.

*Id.* The three years defined by § 1635(f) were over by the time this suit was filed, and so Lumpkin's right to bring a rescission suit had expired, regardless of when and whether he notified the lender of his rescission within those three years.

Other circuits have uniformly interpreted *Beach* to preclude the precise argument Lumpkin makes here. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1182 (10th Cir. 2012) (relying on *Beach*–"[W]e must hold that the mere invocation of the right to rescission via a written letter, without more, is not enough to preserve a court's ability to effectuate (or recognize) a rescission claim after the three-year period has run."); *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012) (applying *Beach*–"[U]nder the case law of this court and the Supreme Court, rescission suits must be brought within three years from the consummation of the loan, regardless whether notice of rescission is delivered within that three-year period."); *Williams v. Wells Fargo Home Mortg., Inc.*, 410 F. App'x 495, 499 (3d Cir. 2011) ("It may be that an obligor may

invoke the right to rescission by mere notice. Mere invocation without more, however, will not preserve the right beyond the three-year period. Rather, consistent with § 1635(f), a legal action to enforce the right must be filed within the three-year period or the right will be 'completely extinguishe[d].'" (alteration in original) (quoting *Beach*, 523 U.S. at 412)). Lumpkin must not only give notice of his intent to rescind—which he failed to do—but also prove in a court of law that he has a right to rescind. His right to bring such a suit has now expired. *See Beach*, 523 U.S. at 417.

In sum, we must affirm the district court's judgment dismissing Lumpkin's TILA claims because they are time-barred. Lumpkin's May 2009 letter did not preserve his right of rescission under TILA.

### III.

Next we turn to Lumpkin's RESPA claims. The complaint alleges two violations of RESPA. First, the complaint alleges that defendants, at closing, failed to comply with RESPA disclosure requirements. Second, the complaint alleges that defendants failed to respond to Lumpkin's "qualified written request" within the window required by RESPA. *See* 12 U.S.C. § 2605(e). Lumpkin did indeed make this request in the May 20, 2009, letter discussed previously (although the letter was not addressed to Deutsche Bank). Section 2605(e)(2) requires that a servicer respond to a request within thirty days.

Lumpkin appeals only his RESPA claim as to the alleged second violation—that defendants failed to respond to his qualified written request. The district court held that all of Lumpkin's RESPA claims were time-barred. Lumpkin argues in his brief that "there is no statute of limitations barring" relief when a servicer fails to respond to a qualified written request.

Lumpkin failed to object to the magistrate judge's ruling on his RESPA claims, and so we must dismiss his appeal. [*See* R. 48 (plaintiff's objections to R&R) at 4-5, Page ID 725-26.] The Sixth Circuit has long held

> that a party *must* file timely objections with the district court to avoid waiving appellate review and that by operation of this supervisory rule, only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.

*Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991) (emphasis original) (internal quotation marks and brackets omitted). Lumpkin's objections mention RESPA only once, in a header that mimics the header of the magistrate's report. He makes no "specific objection" to the report's holding on this claim. Thus, because Lumpkin failed to raise this argument in his objections to the magistrate's report, he failed to preserve this argument for appeal.

## IV.

For the foregoing reasons, we **AFFIRM** the judgment of the district court. Lumpkin's TILA claims are time-barred, and his RESPA claims were not preserved for appeal.