MELLOY, Circuit Judge,
concurring in the judgment.
I concur in the judgment insofar as this Court is bound by decisions of prior panels. Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir.2002). Were we writing on a clean slate, however, I would hold for the reasons stated by Judge Murphy in her dissent in Keiran that sending notice within three years of consummating a loan is sufficient to “exercise” the right to rescind. See 12 C.F.R. § 1026.23(a)(2). I note three additional points:
First, although TILA does not provide an express statute of limitations for borrowers to sue for rescission, the statute does provide an express statute of limitations for borrowers to sue for damages. See 15 U.S.C. § 1640(e) (“[A]ny action under [§ 1640] may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.... ”). That Congress provided a statute of limitations governing suits for damages demonstrates that it knew how to impose such a limitation and would have done the same regarding suits for rescission .if it so desired; instead, however, the provision governing rescission states only that “the obligor shall have the right to rescind the transaction ... by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.” 15 U.S.C. § 1635(a) (emphasis added). And as the Keiran majority recognized, “Regulation Z says nothing about filing suit.” 720 F.3d at 728. But unlike the Keiran majority, who assumed that “while Regulation Z sets forth one of the things an obligor must do to rescind the loan — give written notice to the bank — it *763 does not set forth the entirety of things necessary to accomplish rescission,” id. (emphases added), I “do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and [my] reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest.” Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 341, 125 5.Ct. 694, 160 L.Ed.2d 708 (2005); see Bates v. United States, 522 U.S. 23, 29-30, 118 S.Ct. 285, 139 L.Ed.2d 215 (1997) (“[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.” (alteration in original) (citation and internal quotation marks omitted)).
Second, the Ninth Circuit’s decision in McOmie-Gray v. Bank of America Home Loans, 667 F.3d 1325, 1328 (9th Cir.2012) — which, prior to Keiran, balanced the two-two circuit split between the Third and Fourth Circuits and Ninth and Tenth Circuits — offers only hollow support for the proposition that a borrower must file suit to exercise the right to rescind. The McOmie-Gray court acknowledged that “[w]ere [it] writing on a blank slate, [it] might consider whether notification within three years of the transaction could extend the time limit imposed by § 1635(f)[,]” id. at 1328; however, the court declared itself “bound” by Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir.2002). 667 F.3d at 1329. In my view, Miguel is not instructive on the issue that was before the McOmie-Gray court or presented in Keir-an or in this case insofar as the borrower in Miguel did not send notice to the lender of her intent to rescind or file suit for rescission within the three-year statutory period.[6] Miguel, 309 F.3d at 1163; see McOmie-Gray, 667 F.3d at 1329 (“[T]he borrower [in Miguel ] never sent a timely notice of rescission”). Accordingly, the Miguel borrower’s right to rescind had “completely extinguished] ... at the end of the 3-year period.” Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). This material fact differentiates Miguel from McO-mie-Gray, Keiran, and this case, where the borrowers did timely send notice to the lenders within three years of the respective loan consummations.
Lastly, while I recognize the Keiran majority’s concerns regarding the possible temporary uncertainties in titles if providing notice were sufficient to exercise the right to rescind, I do not believe that requiring lenders to initiate declaratory-judgment actions — rather than defend in rescission actions — is so undesirable that it reaches a level of absurdity such that this Court should ignore the plain language of the statute and Regulation Z. See Contemp. Indus. Corp. v. Frost, 564 F.3d 981, 985 (8th Cir.2009) (“Where statutory language is plain, ‘the sole function of the courts — at least where the disposition required by the text is not absurd-is to enforce it according to its terms.’ ” (quoting Lamie v. U.S. Tr., 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004))); see *764 also Harbison v. Bell, 556 U.S. 180, 198, 129 S.Ct. 1481, 173 L,Ed.2d 347 (2009) (Thomas, J., concurring in the judgment) (“Even if the proper interpretation of a statute upholds a ‘very bad policy,’ it ‘is not within our province to second-guess’ the ‘wisdom of Congress’ action’ by picking and choosing our preferred interpretation from among a range of potentially plausible, but likely inaccurate, interpretations of a statute.” (quoting Eldred v. Ashcroft, 537 U.S. 186, 222, 123 S.Ct. 769, 154 L.Ed.2d 683 (2003))). This is especially true “because the obligor’s initiation of a lawsuit would also unilaterally create a cloud on the title that would not be resolved until a court order or a negotiated settlement.” Keiran, 720 F.3d at 734 (Murphy, J., dissenting) (emphasis added) (internal quotation marks omitted).
Moreover, “caution requires attentiveness to the views- of the administrative entity appointed to apply and enforce a statute,” and “deference is especially appropriate in the process of interpreting [TILA] and Regulation Z,” unless such deference would lead to “demonstrably irrational” results. Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 565, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980). Here, the administrative agency charged with enforcing TILA and Regulation Z is the Consumer Financial Protection Bureau (the “Bureau”). See Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub.L. No. 111-203, § 1100A(2) (2010). The Bureau has weighed in as amicus curiae in courts around the country on the issue of how a borrower properly exercises the right to rescind a loan transaction, see, e.g., Sherzer v. Homestar Mortg. Servs., 707 F.3d 255 (3d Cir.2013) — including in Keiran — and argued that sending notice is all that is required.

. The borrower in Miguel timely notified and filed suit against the lender's agent, but the court determined that this was not the same as providing notice to the lender itself. See 309 F.3d at 1165 (“While the [lender’s] servicing agent ... received notice of cancellation within the relevant three-year period, no authority supports the proposition that notice to [the agent] should suffice for notice to the [lender]. Therefore, [the] right to cancellation was extinguished as against the [lender].’’), and id. ("Because the complaint named only [the lender's agent] ... it was not an effective cancellation, and the right in question was extinguished when the three-year period expired.’’).