**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROCKY FUJIO TAKUSHI, individually and as Trustee of The Albert G. Takushi Revocable Living Trust dated April 11, 2007,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>BAC HOME LOANS SERVICING, LP, a Texas limited partnership and DOES 1-50,<br><br>　　　　Defendants - Appellees. | No. 12-15211<br><br>D.C. No. 1:11-cv-00189-LEK-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 10, 2013**
Honolulu, Hawaii

Before: KOZINSKI, Chief Judge, and CLIFTON and WATFORD, Circuit Judges.

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Takushi's Truth in Lending Act

(TILA) claim because it is time barred.  Under TILA, a borrower seeking to

rescind a mortgage loan must bring suit within three years of consummation of the

loan (with one exception not relevant here).  15 U.S.C. § 1635(f).  Takushi's loan

closed on September 21, 2007, but he did not file suit until February 9, 2011.  That

Takushi sent a notice of rescission within the three-year period is irrelevant under

our decision in *McOmie-Gray v. Bank of America Home Loans*, 667 F.3d 1325,

1329 (9th Cir. 2012).  The rule announced in *McOmie-Gray* applies retroactively to

"all cases still open on direct review," regardless of whether the underlying events

pre-date announcement of the rule.  *Harper v. Va. Dep't of Taxation*, 509 U.S. 86,

97 (1993); *see also Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1087–88 (9th Cir.

2010).

    **AFFIRMED.**