**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



OCT 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STACY ENID HERNANDEZ,

            Plaintiff - Appellant,

   v.

RECONTRUST COMPANY NA; et al.,

            Defendants - Appellees.

No. 12-56865

D.C. No. 2:12-cv-02911-CAS-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

     Stacy Enid Hernandez appeals pro se from the district court's judgment

dismissing her action alleging Truth in Lending Act ("TILA") claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Cervantes v.*

*Countrywide Home Loans Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We may

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Hernandez's TILA claim for rescission as time-barred because Hernandez did not file her action within three years of the alleged violation. *See McOmie-Gray v. Bank of Am. Home Loans, FKA,* 667 F.3d 1325, 1326 (9th Cir. 2012) (15 U.S.C. § 1635(f) is an absolute three-year bar on rescission actions under TILA, regardless of when the borrower sends notice of rescission). Dismissal of Hernandez's TILA claim for damages was also proper because the claim was time-barred and Hernandez did not properly allege due diligence. *See* 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation); *Cervantes*, 656 F.3d at 1045 (equitable tolling applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" (citation and internal quotation marks omitted)).

We deny Hernandez's request for reconsideration of the denial of her petition for writ of mandamus, which is set forth in her opening brief.

**AFFIRMED.**