FILED

AUG 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50439 |
| Plaintiff-Appellee, | D.C. No.<br>5:05-cr-00056-VAP-1 |
| v. | |
| FERNANDO ESPARZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted August 3, 2016
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Petitioner Fernando Esparza appeals his sentence for distributing child

pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). The facts of this case are

known to the parties, and we do not repeat them here. We have jurisdiction under

28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

I

Esparza argues the district court erred in applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(6)(D). The district court applied such enhancement after determining that Esparza's possession of roughly 1,150 images of child pornography was "part of the same course of conduct or common scheme or plan" as his distribution offense. *See* U.S.S.G. § 1B1.3(a)(2). We are satisfied that the enhancement was supported by the record.

For conduct to be "part of the same course of conduct or common scheme or plan" within the meaning of Guidelines § 1B1.3(a)(2), "[t]here must be 'sufficient similarity and temporal proximity to reasonably suggest that repeated instances of criminal behavior constitute a pattern of criminal conduct.'" *United States v. Hahn*, 960 F.2d 903, 910 (9th Cir. 1992) (quoting *United States v. Santiago*, 906 F.2d 867, 872 (2d Cir. 1990)).

The district court correctly reasoned that distribution and possession of child pornography are "tightly connected," since "you cannot distribute images unless, of course, you possess them." Circumstances specific to Esparza further indicate that his possession and distribution were part of the same course of criminal conduct. Esparza's possession of the 1,150 images occurred contemporaneously with his distribution, and the images were co-mingled among those he distributed

on the floppy disks in his home–facts suggesting that Esparza's possession and distribution overlapped in time as well as purpose.

## II

Esparza next argues that the court's imposed sentence violated both the law of the case and the rule of mandate doctrines. We disagree.

When considering the factors delineated in 18 U.S.C. § 3553, the district court stated in passing that Esparza "distributed pornography to young girls" and that he engaged in chats "with young girls." Esparza argues that these references violated the law of the case and rule of mandate doctrines since we had already held that the application of a seven-level enhancement was invalid because the record contained no verification that any of Esparza's conversation partners "was an actual minor." *United States v. Esparza*, 310 F. App'x 80, 82 (9th Cir. 2009). But the district court did not seek to impose a seven-level enhancement in defiance of our previous ruling. Rather, it accepted that ruling and simply made a determination in response to our later instructions that it consider whether § 1B1.3(a)(2) applied. *See United States v. Esparza*, 489 F. App'x 204 (9th Cir. 2012).

## III

Esparza next argues that a condition of his supervised release—Condition 11—raises First Amendment concerns that require remand. Again, we disagree.

This Court has examined a similar condition and concluded that although the condition's language raised First Amendment concerns, remand was not necessary because the condition could be construed to avoid the problem. *See United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015). Although the district court did not explicitly state that Condition 11 was limited to adult pornography, reading the condition as so limited makes sense, in part because the court imposed an additional condition—Condition 12—as restricting access to child pornography. Thus, we construe Condition 11 as only applying to "any materials with depictions of 'sexual explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [Esparza's] probation officer." *Gnirke*, 775 F.3d at 1166.

## IV

The district court's judgment and sentence is

**AFFIRMED**