NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIENNE J. STYLES; CHUCK M. STYLES, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Holders of the First Franklin Mortgage Loan Trust 2006-FF5, mortgage pass-through certificates, Series 2006-FF5; et al., <br><br> Defendants-Appellees. | No.   18-15372 <br><br> D.C. No. 2:17-cv-01947-TLN-AC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Adrienne J. Styles and Chuck M. Styles appeal pro se from the district

court's judgment dismissing their action alleging claims under the Truth in

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lending Act ("TILA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed the Styles' action because it is barred by the statutes of limitations, and the Styles failed to plead facts demonstrating that equitable tolling should apply. *See* 15 U.S.C. § 1635(f) (three-year period to exercise right of rescission under TILA); 15 U.S.C. § 1640(e) (one-year statute of limitations for an action for damages under TILA); *McOmie-Gray v. Bank of Am. Home Loans, FKA*, 667 F.3d 1325, 1326 (9th Cir. 2012) (15 U.S.C. § 1635(f) is an absolute three-year bar on rescission actions under TILA); *see also Cervantes*, 656 F.3d at 1045 (federal standard for equitable tolling).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**

18-15372