309 F.3d 1161
 Estrellita G. MIGUEL, Plaintiff-Appellant,
Gary Victor Dubin, Real-Party-In-Interest-Appellant,
v.
COUNTRY FUNDING CORP, Defendant, and
The Bank of New York Trustee, under the Pooling & Servicing Agreement Series 1995 B; Alliance Bancorp, a corporation, Defendants-Appellees.
Estrellita G. Miguel, Plaintiff-Appellee,
v.
Country Funding Corp, Defendant, and
The Bank of New York Trustee, under the Pooling & Servicing Agreement Series 1995 B, Defendant-Appellant,
Gary Victor Dubin, Real-Party-In-Interest-Appellee.
 No. 00-17338.
 No. 00-17339.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 2002.
 Filed November 4, 2002.
 As Amended on Denial of Rehearing December 23, 2002.
 
 Gary Victor Dubin, Dubin Law Offices, Honolulu, HI, for the plaintiff-appellant/appellee and the real-party-in-interest-appellant/appellee.
 Dane L. Miller and Donna H. Kalama, Miller & Sur, Honolulu, HI, for the defendants-appellees/appellants.
 Philip J. Leas, Cades Schutte Fleming & Wright, Honolulu, HI, for the defendant/appellee.
 Appeal from the United States District Court for the District of Hawaii; David A. Ezra, District Judge, Presiding. D.C. Nos. CV-97-01593-DAE, CV-97-01593.
 Before: WALLACE, TASHIMA and TALLMAN, Circuit Judges.
 WALLACE, Senior Circuit Judge.
 
 
 1
 Estrellita G. Miguel (Miguel) brought an action under the Truth-in-Lending Act (Act) seeking to dissolve a $520,000 mortgage on her residence. Miguel appeals from the amended judgment of the district court, arguing (1) the district court should not have dismissed defendant Alliance Bancorp (Alliance) on the ground that Alliance had not been properly served with a Truth-in-Lending Act rescission notice; (2) the district court erred in denying Miguel her attorneys' fees from defendant Bank of New York (Bank) on the ground that it was not the original creditor; (3) the district court erred by holding that Miguel's right to rescind the security interest was conditioned on her repaying the loan proceeds, less any finance, closing, and interest charges; and (4) the district court should have held an evidentiary hearing to determine whether Miguel was able to refinance. Miguel's attorney argues that he has standing to appeal the attorneys' fee issue as a real party in interest.
 
 
 2
 On cross-appeal, the Bank argues (1) the district court lacked subject matter jurisdiction to grant Miguel relief against the Bank because Miguel commenced the action against the wrong entity on the last day of the statutory period set forth in 15 U.S.C. § 1635(f), and the district court's order allowing Miguel leave to add parties violated Congress's limited grant of jurisdiction; and (2) the district court erred in its calculation of the amounts due from Miguel to the Bank.
 
 
 3
 We have jurisdiction to review the district court's final judgment pursuant to 28 U.S.C. § 1291. We remand with instructions to dismiss the action for lack of subject matter jurisdiction.
 
 I.
 
 4
 Miguel and her husband had owned their home for eight years, when in 1994, she refinanced her mortgage with Alliance. The closing occurred on December 1, 1994, with the signing of a promissory note and execution of a mortgage on the property as security for the loan.
 
 
 5
 The Bank acquired its lien against Miguel's property by assignment from Alliance on October 17, 1996. On November 7, 1997, Miguel and her husband sent, by certified mail, a mortgage cancellation notice to Countrywide Funding Corporation (Countrywide), The Bank's designated agent. They then filed a complaint with the district court on December 1, 1997, seeking rescission of the mortgage.
 
 
 6
 On March 19, 1998, Miguel learned that Countrywide was merely an agent for the lienholder Bank, rather than the lienholder itself. Thereafter, on March 26, 1998, Miguel filed a motion for leave to file an amended complaint which specifically sought to substitute the Bank in place of Countrywide. There is no evidence in the record to show that the Bank had any notice of the motion or the existence of the lawsuit. March 30, 1998, marked the 120th day after Miguel's suit was filed. On April 21, 1998, Miguel filed a second motion for leave to file a second amended complaint, seeking to add additional parties, including the Bank. Permission to file the second amended complaint was granted on May 28, 1998. On June 17, 1998, Miguel filed her second amended complaint, naming Alliance, the Bank (individually and as trustee), Independent National Mortgage Corporation (IndyMac), and Countrywide as defendants. Miguel later dismissed Countrywide with prejudice, and IndyMac and the Bank (individually) without prejudice. On November 9, 1998, Miguel served the Bank as trustee.
 
 
 7
 If proper notice of recission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). On January 13, 1999, the district court dismissed the second amended complaint as to Alliance because it was served outside the three year period provided for in 15 U.S.C. § 1635(f). In its initial opinion, the district court concluded that Miguel's rescission rights did not expire until December 1, 1997, because Alliance had violated the Act by failing to provide proper notice to Miguel of the expiration date of her right to rebind the loan agreement without penalty. [Id.] The court concluded that Miguel's actions were sufficient to effect rescission, and that the Bank, as Alliance's assignee, was liable for Alliance's Act violations and was therefore required to rescind the security interest under 15 U.S.C. § 1641(c).
 
 
 8
 The district court subsequently granted the Bank's motion to amend, holding that while Miguel was entitled to rescission, her ability to rescind was conditioned on her tender of repayment of the loan proceeds, less any finance, closing, and interest charges. Further, the district court held that the Bank was not liable for Act damages or attorneys' fees and costs because Alliance's violations were not "apparent on the face" of the documents. Finally, the district court held that because the Bank itself never violated the Act, it was not required to release its security interest in Miguel's property until Miguel tendered repayment, less any finance or other charges.
 
 
 9
 Miguel appealed from the judgment, and the Bank cross-appealed, arguing that under the statute of repose of 15 U.S.C. § 1635(f), the district court lacked subject matter jurisdiction to add a new party under Fed.R.Civ.P. 15 after the substantive rights under the Act had expired.
 
 II.
 
 10
 We review de novo for subject matter jurisdiction. Harden v. Roadway Package Sys., Inc., 249 F.3d 1137, 1140 (9th Cir.2001) (citation omitted). Challenges to subject matter jurisdiction cannot be waived and may be raised at any point in the proceeding. See United States v. Hays, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995). The party asserting federal jurisdiction has the burden of establishing it. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). We will first address the jurisdictional argument raised in the Bank's cross-appeal, because if the Bank is correct that the federal courts lack subject matter jurisdiction over the dispute, we should not reach the merits of the parties' arguments.
 
 
 11
 Section 1635(f) of Title 15 states that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first...." The Bank asserts that the district court, and now this court, lack jurisdiction because Miguel commenced her action only against Countrywide, rather than against the Bank, within the statutory period set forth in § 1635(f), and that the district court's order allowing Miguel leave to add parties therefore violated Congress's limited grant of jurisdiction.
 
 
 12
 "When Congress enacts statutes creating public rights or benefits, it can impose time limits on their availability." Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir.1998); accord Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990). These limits, when completely extinguishing the right previously created, deprive courts of jurisdiction. Ellis, 160 F.3d at 706. In Beach v. Ocwen Federal Bank, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998), the Supreme Court held that "section 1635(f) completely extinguishes the right of rescission at the end of the 3 year period." Id. at 412, 118 S.Ct. 1408. The court stated:
 
 
 13
 Section 1635(f) ... takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy.
 
 
 14
 Id. at 417, 118 S.Ct. 1408, quoting 15 U.S.C. § 1635(f) (alteration in original), citing Midstate Horticultural Co. v. Penn. R.R. Co., 320 U.S. 356, 360, 64 S.Ct. 128, 88 L.Ed. 96 (1943); Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 427, n. 2, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); Davis v. Mills, 194 U.S. 451, 454, 24 S.Ct. 692, 48 L.Ed. 1067 (1904). The Court concluded, "We respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." Id. at 419, 118 S.Ct. 1408. Likewise, we previously have held that section 1635(f) represents an "absolute limitation on rescission actions" which bars any claims filed more than three years after the consummation of the transaction. King v. California, 784 F.2d 910, 913 (9th Cir.1986). Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period. Because Miguel did not attempt to rescind against the proper entity within the three-year limitation period, her right to rescind expired.
 
 
 15
 Miguel argues that she should have been allotted an additional year in which to file suit after the expiration of the three-year period afforded by the statute. While Miguel is correct that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit, that is not the issue before us. Rather, the issue is whether her cancellation was effective even though it was not received by the Bank — the creditor — within the three-year statute of repose. We hold that it was not. While the Bank's servicing agent, Countrywide, received notice of cancellation within the relevant three-year period, no authority supports the proposition that notice to Countrywide should suffice for notice to the Bank. Therefore, her right to cancellation was extinguished as against the Bank. When congressionally-created limitations on congressionally-created public rights and benefits completely extinguish the right previously created, courts are deprived of jurisdiction. Lyon v. Agusta S.P.A., 252 F.3d 1078, 1084-85 (9th Cir.2001).
 
 
 16
 Miguel next argues that under Federal Rule of Civil Procedure 15(c), the amendment of the complaint to add the Bank as a defendant after the expiration of the statutory period related back to the original filing of suit and was therefore sufficient to constitute cancellation notice to the Bank within the three-year period. Yet Rule 15(c)(3) requires notice within the time period provided by Rule 4(m) when the amendment seeks to change the party. There is no evidence in the record that the Bank had notice of the suit within the 120 day period required by Rule 4(m). Because the complaint named only Countrywide, the servicer of the loan, it was not an effective cancellation, and the right in question was extinguished when the three-year period expired.
 
 
 17
 Moreover, Rule 15(c) may not be used to extend federal jurisdiction. The Federal Rules of Civil Procedure may not "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). See also USM Corp. v. GKN Fasteners Ltd., 578 F.2d 21, 22 (1st Cir.1978) (holding that "Rule 15 is not to be viewed as enlarging or restricting federal jurisdiction. The doctrine of relating back in time to the original pleadings does not affect the jurisdiction of the district court here in any manner.") (citation and footnote omitted); Fed.R.Civ.P. 82 ("[The Federal Rules of Civil Procedure] shall not be construed to extend or limit the jurisdiction of the United States district courts....").
 
 
 18
 Nor do the facts that the Bank's servicing agent, Countrywide, was served within the "extended" three-year rescission period and that the Bank was added as a defendant well in advance of the expiration of § 1640's one-year statute of limitations for suing on a § 1635 failure-to-effect-rescission claim alter the jurisdictional landscape. The Bank was not required to cancel the loan because Miguel did not notify the Bank of cancellation within the limited three-year period. Because cancellation was not effected during the three-year period, the additional year statute of limitations provided by § 1640 is irrelevant; it relates to the time for filing suit once cancellation has been wrongly refused. 15 U.S.C. § 1635(f). In this case, Miguel did not provide the Bank with notice of cancellation within the three-year statutory period, so the Bank could not have wrongly refused Miguel's request to cancel. Therefore, § 1640 does not apply.
 
 
 19
 Because we hold that the district court lacked subject matter jurisdiction over this claim, we do not reach the merits of the parties' arguments.
 
 
 20
 REMANDED to the district court for dismissal with prejudice.