**Mary Pokrajac LEVAI, Plaintiff–Appellant,**

v.

**Jack R. LAW; et al., Defendants–Appellees.**

**No. 06–16108.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 24, 2007.

Mary Pokrajac Levai, Honolulu, HI, for Plaintiff–Appellant.

George W. Van Buren, Esq., John B. Shimizu, Esq., Robert G. Campbell, Esq., Van Buren Cambell & Shimizu, Lissa H. Andrews, Esq., Rush Moore Craven Sutton Morry & Beh, Honolulu, HI, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument, and we deny Mothershed's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Mary Pokrajac Levai appeals pro se from the district court's judgment dismissing her action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Hale v. Norton*, 476 F.3d 694, 697 (9th Cir.2007), and we affirm.

The district court properly dismissed the action because the complaint asserts no valid basis for federal subject matter jurisdiction. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir.2002) ("The party asserting federal jurisdiction has the burden of establishing it."); *see also Adelt v. Richmond Sch. Dist.*, 439 F.2d 718, 718 (9th Cir.1971) (per curiam) (only actions arising under the Constitution, laws or treaties of the United States are within the purview of 28 U.S.C. § 1331(a)).

Levai's reliance on 18 U.S.C. §§ 241, 245, and 247 is unavailing because criminal provisions provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam). Levai's reliance on 28 U.S.C. § 1334(a) and 28 U.S.C. § 158 is also unavailing because this action does not involve title 11 of the bankruptcy code or constitute an appeal from a final judgment, order, or decree of the bankruptcy court. *See* 28 U.S.C. § 158; *see* 28 U.S.C. § 1334(a) (the district

courts "have original and exclusive jurisdiction of all cases under title 11").

Levai's remaining contentions are not persuasive.

Levai's pending motions are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

