FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN PHILLIPS,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., As Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass Through- Certificates Series 2007-OSI and OCWEN LOAN SERVICING, LLC,<br><br>　　　　　Defendants - Appellees. | No. 10-55158<br><br>D.C. No. 3:09-cv-01486-H-BLM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and W. FLETCHER, Circuit Judges.

Brian Phillips appeals pro se from the district court's judgment dismissing

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his Truth in Lending Act ("TILA") and state law action arising out of a foreclosure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986). We affirm in part, reverse in part, and remand.

The district court properly dismissed Phillips's TILA claim seeking rescission because it was time-barred. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (TILA's right of rescission expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first). Phillips also failed to allege an ability to tender despite being warned by the district court of this requirement and being given the opportunity to do so. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003) ("[I]n applying TILA, a trial judge has the discretion to condition rescission on tender by the borrower of the property he had received from the lender.") (internal quotation marks and brackets omitted).

The district court dismissed Phillips's state law claims because he did not make a valid offer to tender the amount that he was in default. However, Phillips alleged that he was not in default because he had accepted, and abided by, two loan modification agreement. These allegations, if true, could support a claim. *See, e.g. Bank of Am., N.A. v. La Jolla Grp. II*, 28 Cal. Rptr. 3d 825, 827-29 (Cal. App.

2005) (invalidating a foreclosure sale because the mortgagor had cured the default before the sale). Accordingly, we reverse the district court's judgment and remand for further proceedings.

Phillips's remaining contentions are unpersuasive.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

10-55158