

**FILED**

MAR 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN SCOTT SMILLIE,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>COUNTY OF MARICOPA; JOSEPH M. ARPAIO, Sheriff; MERRICK KOTAPKA, Registered Nurse; DONNA BUNKERS, Physician's Assistant; C. BINDU, Registered Nurse; MICHELLE KALMAN, Physician's Assistant; C. MUHAMMED, Registered Nurse; RAMA BAJALI; D. RAUCH, Officer; J. HOGUE, Officer,<br><br>Defendants - Appellees. | No. 14-15376<br><br>D.C. No. 2:11-cv-01320-NVW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and submitted February 11, 2016
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Stephen Smillie appeals the Arizona District Court's dismissal of his 42 U.S.C. § 1983 and state law claims alleging unlawful detention, violation of the Eighth Amendment for failure to provide adequate medical care, negligence and aggravated negligence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

**1.** The district court did not err in dismissing Smillie's third amended complaint, replacing John Does with named individual Defendants, as barred by the statute of limitations. There is no evidence in the record satisfying the requirements of relation back. *See* Fed. R. Civ. P. 15(c); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) (as amended). Smillie did not advance any relation back argument before the district court, and conceded as much at oral argument. By assuming relation back was automatic, Smillie offered no proof to trigger the provision and failed to show that Defendants were provided notice of the complaint and were not prejudiced by the amendment. *See* Fed. R. Civ. P. 15(c)(1)(C); *Miguel*, 309 F.3d at 1165 (holding that plaintiff's amended complaint could not relate back because there was "no evidence in the record that the [defendant] had notice of the suit within the 120 day period required by Rule 4(m)."). The district court, therefore, did not err in dismissing Smillie's untimely

2

third amended complaint because the record does not establish his entitlement to relation back under Rule 15(c).

Moreover, the district court did not abuse its discretion in denying Smillie the chance to further amend his complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (reviewing a district court dismissal of claims without leave to amend for abuse of discretion). The district court gave Smillie three chances to amend his complaint and provided guidance on how to fix it. Smillie paid little heed to any of the court's guidance or dispositive orders. After two-and-a-half years in district court and four complaints, the district court reasonably determined there was no justification for further amendment and delay.

**2.** Smillie's argument that equitable tolling applies is waived as it was not raised in the district court below. *See A-1 Ambulance Serv., Inc. v. Cty. of Monterey,* 90 F.3d 333, 338 (9th Cir. 1996) ("Generally, in order for an argument to be considered on appeal, the argument must have been raised sufficiently for the trial court to rule on it.").

**AFFIRMED.**