**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATHAN E. ROBINSON and SALLY J. ROBINSON-BURKE,

Plaintiffs - Appellants,

v.

WMC MORTGAGE CORPORATION; et al.,

Defendants - Appellees.

No. 14-15922

D.C. No. 4:09-cv-00227-AWT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
A. Wallace Tashima, Senior Circuit Judge, Presiding

Submitted May 11, 2016[**]
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

Jonathan Robinson and Sally Robinson-Burke appeal from the dismissal of

their first amended complaint, which alleged violations of the Truth in Lending Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(TILA) by Wells Fargo Bank, N.A. (Wells Fargo), and WMC Mortgage Corp. (WMC). We affirm.

**1.** The district court correctly dismissed Plaintiffs' TILA claim against WMC as time-barred. An action for damages under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). Plaintiffs' claim that WMC committed various TILA violations in connection with the 2005 refinancing of their residence was untimely, given that they did not file their complaint until 2009.

On appeal, Plaintiffs contend that their TILA claim against WMC was timely because it was filed less than a year after their demand for rescission was denied. Even assuming that this argument was adequately raised before the district court, it is unavailing. Plaintiffs alleged only that they sent the notice of rescission to Wells Fargo dba America's Servicing Company, their loan servicer. But in order to exercise their right to rescind, they needed to send notice to their "creditor," as TILA defines that term. *See* 15 U.S.C. §§ 1602(g), 1635(a); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002). The amended complaint failed to allege that WMC played any part in denying their purported rescission. Although Plaintiffs now argue that they also sent notice to WMC, the

creditor, they made no such allegation in their complaint. The district court therefore did not err in dismissing the claim against WMC.

The district court did not abuse its discretion in denying leave to amend the complaint further as to WMC. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Plaintiffs failed to identify in the district court any additional facts that they might be able to plead to salvage their complaint. *See Metzler Investment GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008). Nor have they identified any such facts on appeal.

**2.** The district court also correctly dismissed Plaintiffs' TILA claim against Wells Fargo. The amended complaint did not allege that Wells Fargo was a "creditor" or assignee; to the contrary, it alleged that Wells Fargo acted as a loan servicer and did not hold the promissory note. Accordingly, Plaintiffs failed to state a claim under TILA, which limits civil liability to creditors and, in certain circumstances, their assignees. 15 U.S.C. §§ 1640–41.

The district court did not abuse its discretion in denying leave to amend as to Wells Fargo. Plaintiffs' only response to Wells Fargo's argument (made in its first motion to dismiss) that it couldn't be liable under TILA as a servicer was that Wells Fargo's involvement in their foreclosure suggested that it "believe[d] it ha[d] an ownership interest in the Robinson property." That contradicted both the

amended complaint and judicially noticeable documents indicating that a third party owned the loan. Dismissal with prejudice was proper, as Plaintiffs could not salvage their TILA claim against Wells Fargo without contradicting the allegations of their original complaint. *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 297 (9th Cir. 1990). Moreover, Plaintiffs waived this argument by failing to raise it in response to Wells Fargo's second motion to dismiss.

**3.** Plaintiffs' motion for judicial notice is denied. *See* Fed. R. Evid. 201(b); *Flick v. Liberty Mutual Fire Insurance Co.*, 205 F.3d 386, 392–93 n.7 (9th Cir. 2000).

**AFFIRMED.**