NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAUNCEY LUTHER MANN, III, | No. 15-56379 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-01723-JGB-SP |
| v. | |
| STRUCTURED ASSET MORTGAGE INVESTMENT II TRUST 2007-AR3, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-AR3; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Chauncey Luther Mann, III, appeals pro se from the district court's

judgment dismissing his action alleging federal and state law claims arising from

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996). We affirm.

The district court properly dismissed Mann's Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA") rescission claim, and fraud claims seeking declaratory relief, because these claims are time-barred. *See* 15 U.S.C. § 1635(f) (borrower has three years to rescind under TILA); 15 U.S.C. § 1640(e) (one-year statute of limitations for TILA and HOEPA damages claim); Cal. Civ. Proc. Code §§ 337(1), (3) (four-year statute of limitations for action seeking rescission based on fraud); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) (borrower's rescission under TILA not effective when it was not provided to the lender within three years, even though servicer received the notice within the three-year window).

The district court properly dismissed Mann's quiet title claim because Mann's failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must plead sufficient factual matter to allow the court to draw a reasonable inference that the defendant is liable).

The district court properly dismissed Mann's claim related to the securitization of his loan because Mann has not established that he has standing to

bring such a claim.  *See Hess v. Ford Motor Co.*, 41 P.3d 46, 51 (Cal. 2002) (third party may enforce a contract only if the contract was made for its benefit); *see also Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 858 (Cal. 2016) (plaintiff bringing wrongful foreclosure claim has standing only when challenging a void assignment).

The district court did not abuse its discretion in denying Mann leave to amend because amendment would be futile.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (standard of review); *Dumas*, 90 F.3d at 389 (leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion in granting the motion to set aside default because it properly found that defendants established meritorious defenses.  *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091, 1094 (9th Cir. 2010) (setting forth the three-factor test to determine whether good cause exists to set aside default and noting that to establish a meritorious defense, a party only has to "allege sufficient facts that, if true, would constitute a defense"); *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (standard of review).

We reject as without merit Mann's contentions that the district court was biased against him.

We do not consider Mann's contentions regarding the district court's order

denying Mann's motion for reconsideration because Mann failed to file a new or amended notice of appeal after the district court issued this order. *See* Fed. R. App. P. 4(1)(A) (notice of appeal must be filed within 30 days after entry of the judgment or order appealed from).

Mann's request for judicial notice (Docket Entry No. 34) is denied.

**AFFIRMED.**