**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY STRONG, <br><br>       Plaintiff-Appellant, <br><br>  v. <br><br> FEDERAL HOME LOAN MORTGAGE CORPORATION, AKA Freddie Mac, as trustee for securitized trust Freddie Mac Multiclass certificates, series 2998; et al., <br><br>       Defendants-Appellees. | No. 16-35862 <br><br> D.C. Nos.   6:16-cv-01498-MC <br>             6:16-cv-01499-MC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Mary Strong appeals pro se from the district court's judgment dismissing her

action against Federal Home Loan Mortgage Corporation ("Freddie Mac") and

other defendants related to a mortgage loan on her real property.  We have

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm in part, vacate in part, and remand.

The district court properly dismissed as time-barred Strong's Truth in Lending Act ("TILA") rescission claim because Strong filed this action after the applicable statute of limitations had run. *See* 15 U.S.C. § 1635(f) (borrower has three years to rescind under TILA); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (three-year limitation period under TILA is a statute of repose that once expired completely extinguishes the underlying right).

The district court properly dismissed Strong's intentional infliction of emotional distress and fraud claims because Strong failed to allege facts sufficient to state plausible claims for relief. *See Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1063 (Or. 2002) (setting forth elements of intentional infliction of emotional distress claim); *Johnsen v. Mel-Ken Motors*, 894 P.2d 540, 545 (Or. Ct. App. 1995) (setting forth elements of fraud claim).

The district court dismissed Strong's "lack of standing to foreclose," quiet title, slander of title, and related declaratory relief claims after finding that Strong could not bring a cognizable claim based on her loan's securitization. However,

the district court did not expressly consider plaintiff's allegation that Mortgage Electronic Registration Systems, Inc. ("MERS") could not act on its own authority as the beneficiary under the deed of trust. *See Brandrup v. ReconTrust Co., N.A.*, 303 P.3d 301, 304, 309-12 (Or. 2013) (en banc) ("For the purposes of [the Oregon Trust Deed Act] . . . an entity like MERS, which is not a lender, may not be a trust deed's 'beneficiary,' unless it is a lender's successor in interest."); *see also Niday v. GMAC Mortg., LLC*, 302 P.3d 444, 453 (Or. 2013) (determining that summary judgment was improper where MERS was designated as "nominee" in the deed of trust but there was no additional evidence in the record of an agency relationship between MERS and the original lender). We vacate the judgment as to Strong's "lack of standing to foreclose," quiet title, slander of title, and related declaratory relief claims and remand for further proceedings in light of *Brandrup*.

We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Strong's pending motions (Docket Entry Nos. 8 and 9) are denied.

Appellees shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**