NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY SCHWARTZ, Plaintiff-Appellant, v. CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, FSB as trustee of ARLP Trust 3, Defendant-Appellee. | No. 16-35536 D.C. No. 3:15-cv-02075-PK MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted October 23, 2017**

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Tony Schwartz appeals from the district court's judgment dismissing his

action alleging violations of federal statutes related to his mortgage loan.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Fed. R.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).

The district court properly dismissed Schwartz's Truth in Lending Act ("TILA") claim because Schwartz did not send a notice of rescission to defendant within three years of consummation of the loan.  *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period.").  We reject as without merit Schwartz's contention that the subject loan transaction was not consummated.

The district court properly dismissed Schwartz's Fair Debt Collection Practices Act claim because it was based solely on his TILA claim.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-35536