**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM ROBERT FAYANT; JULIE LORRAINE FAYANT,

          Plaintiffs-Appellants,

  v.

U.S. BANK,

          Defendant-Appellee.

No. 17-35097

D.C. No. 2:16-cv-00139-SMJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted October 23, 2017[**]

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

    William Robert Fayant and Julie Lorraine Fayant appeal from the district

court's judgment dismissing their action alleging a Truth in Lending Act ("TILA")

claim for rescission. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Serra*

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed the Fayants' action as time-barred because the Fayants did not send a notice of rescission to defendant within three years of consummation of the loan. *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."). We reject as without merit the Fayants' contention that the subject loan transaction was not consummated.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**