**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS D. OQUIST; BETTEJANE JENKINS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A., Successor by merger to Wachovia Mortgage, FKA World Savings Bank, FSB, <br><br> Defendant-Appellee. | No. 17-35124 <br><br> D.C. No. 2:16-cv-00452-TSZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Thomas D. Oquist and Bettejane Jenkins appeal from the district court's

summary judgment in their Truth in Lending Act ("TILA") action seeking

rescission.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1117 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment because plaintiffs failed to raise a genuine dispute of material fact as to whether they timely sent defendants a notice of rescission. *See* 15 U.S.C. § 1635(a), (f) (a borrower may rescind a loan within three days of a loan transaction, or within three years if the lender fails to make required disclosures to the borrower); *see also Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period.")

We reject as without merit plaintiffs' contention that the subject loan transaction was not consummated.

**AFFIRMED.**