NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK W. BROPHY; SUSAN A. BROPHY,<br><br>　　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　　Defendant-Appellee. | No. 17-35141<br><br>D.C. No. 2:16-cv-00053-TOR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted October 23, 2017**

Before:　　LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

　　Mark W. Brophy and Susan A. Brophy appeal from the district court's

judgment dismissing their action alleging a Truth in Lending Act ("TILA") claim

for rescission.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Serra v. Lappin*, 600

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed the Brophys' action as time-barred because the Brophys did not send a notice of rescission to defendant within three years of consummation of the loan. *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."). We reject as supported by the record the Brophys' contention that the subject loan transaction was not consummated.

We reject as without merit the Brophys' contention that their action is not frivolous and the district court erred in imposing Rule 11 sanctions.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**