**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY DEAN MAXFIELD, | No. 17-35023 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00564-RSM |
| v. | |
| INDYMAC MORTGAGE SERVICES, a division of Onewest Bank, FSB; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted October 23, 2017[**]

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Gary Dean Maxfield appeals from the district court's judgment dismissing

his action alleging a Truth in Lending Act ("TILA") claim for rescission.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal

Rule of Civil Procedure 12(b)(6).  *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2010).  We affirm.

The district court properly dismissed Maxfield's action as time-barred because Maxfield did not send a notice of rescission to defendants within three years of consummation of the loan.  *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period.").  We reject as without merit Maxfield's contention that the subject loan transaction was not consummated.

The district court did not abuse its discretion in taking judicial notice of documents filed with the county recorder's office.  *See* Fed. R. Evid. 201(b) (court may take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and stating that court may take judicial notice of matters of public record).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**