**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA STENNES-COX, | No. 16-35251 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01682-TSZ |
| v. | |
| NATIONSTAR MORTGAGE, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted October 23, 2017**

Before:      LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Barbara Stennes-Cox appeals from the district court's judgment dismissing

her action alleging a Truth in Lending Act ("TILA") claim for rescission. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal

Rule of Civil Procedure 12(b)(6). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2010).  We affirm.

The district court properly dismissed Stennes-Cox's action as time-barred because Stennes-Cox did not send a notice of rescission to defendants within three years of consummation of the loan.  *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period.").  We reject as without merit Stennes-Cox's contention that the subject loan transaction was not consummated.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-35251