NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SVETLANA TYSHKEVICH, | No. 16-16592 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02010-JAM-AC |
| v. | |
| WELLS FARGO BANK, N.A., as Trustee on behalf of Harbor View Mortgage Loan Pass-Through Trust Certificates Series 2006-12; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Svetlana Tyshkevich appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims related to her mortgage

loans.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion a denial of leave to amend. *Rich v. Schrader*, 823 F.3d 1205, 1208 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion in denying leave to amend because amendment of Tyshkevich's claims would have been futile. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile); *see also* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period.").

The district court did not abuse its discretion in granting judicial notice because the documents were matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of matters of public record).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**