NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LPP MORTGAGE LTD., LP, | No. 17-55355 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:15-cv-10008-DSF-PLA |
| v. | MEMORANDUM[*] |
| DAVID W. GATES, Trustee of the David W. Gates Trust dated August 5, 1996, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 22, 2018[**]

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

David W. Gates appeals from the district court's summary judgment for LPP

Mortgage Ltd., LP in its diversity action seeking judicial foreclosure and order

dismissing Gates's counterclaim. We have jurisdiction under 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed as time-barred Gates's Truth in Lending Act ("TILA") counterclaim because Gates filed his action after the applicable statute of limitations had run. *See* 15 U.S.C. § 1635(f) (three-year period to exercise right of rescission under TILA); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (three-year limitation period under TILA is a statute of repose that once expired completely extinguishes the underlying right).

The district court properly granted summary judgment on LPP's judicial foreclosure claim because LPP established each of the required elements for judicial foreclosure by competent evidence at summary judgment, and Gates failed to raise a genuine dispute as to any material fact. *See* Cal. Civ. Proc. Code § 725a, § 726; *Arabia v. BAC Home Loans Servicing, L.P.*, 145 Cal. Rptr. 3d 678, 685 (Ct. App. 2012) (requirements for judicial foreclosure).

The district court did not abuse its discretion by awarding attorney's fees in the amount of $17,474.50, jointly and severally, as a sanction against Gates and his attorney. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126-28 (9th Cir. 2002)

17-55355

(setting forth standard of review and describing grounds for Rule 11 sanctions); *see also Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1113 (9th Cir. 1990) (concluding that jurisdiction to hear an appeal exists where a sanctions award was imposed jointly and severally on the defendants and their non-party counsel). Contrary to Gates's contention, there are no nonfrivolous arguments to support his theory that the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), revived his time-barred claim for rescission. *See* Fed. R. Civ. P. 11(b) & advisory committee's note to 1993 amendment (arguments for modification or reversal of existing law do not violate Rule 11(b)(2) if they are nonfrivolous under an objective standard).

In his opening brief, Gates fails to challenge the district court's determination under Rule 11 that he brought his counterclaim for an improper purpose, and he has therefore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

**AFFIRMED.**