NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER ZEPPEIRO, | No. 18-56241 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04183-SJO-AGR |
| v. | |
| DITECH FINANCIAL, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; DOES, 1 to 10 inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 15, 2019**

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peter Zeppeiro appeals from the district court's order dismissing his foreclosure action alleging violations of the Truth In Lending Act ("TILA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for claim preclusion. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 n.1 (9th Cir. 2016). We may affirm on any basis supported by the record. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

Dismissal of Zeppeiro's TILA rescission claim was proper because Zeppeiro failed to send a notice of rescission to defendants within three years of consummation of the loan. *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792-93 (2015) (a borrower may exercise a right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."), *abrogated on other grounds by Hoang v. Bank of America, N.A.*, 910 F.3d 1096 (9th Cir. 2018).

Dismissal of Zeppeiro's TILA damages claim was proper because this claim is barred by the applicable statute of limitations, and Zeppeiro failed to allege facts

demonstrating that equitable tolling should apply. *See* 15 U.S.C. § 1640(e) (TILA damages claims are subject to a one-year statute of limitations); *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1045 (9th Cir. 2011) (federal standard for equitable tolling).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that the court need not grant leave to amend if amendment would be futile).

Zeppeiro's request for judicial notice (Docket Entry No. 15) is granted.

This case has been administratively closed as to appellee Ditech Financial LLC. *See* Docket Entry No. 31. We therefore do not reach Zeppeiro's contentions regarding dismissal of his claims against Ditech.

**AFFIRMED**.