**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAREED SEPEHRY-FARD, | No. 18-16763 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-03885-BLF |
| v. | |
| U.S. BANK, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 9, 2020**

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Fareed Sepehry-Fard appeals pro se from the district court's judgment

dismissing his action alleging a claim under the Truth in Lending Act ("TILA").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

under 28 U.S.C. § 1915(e)(2)(B)(ii)).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2012).  We affirm.

The district court properly dismissed Sepehry-Fard's action alleging a TILA rescission claim because Sepehry-Fard failed to allege facts sufficient to state a plausible claim that his notice of rescission was timely.  *See* 15 U.S.C. § 1635(f) (providing that a borrower's right of rescission "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first"); *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 262 (2015) (a borrower may exercise the right of rescission by notifying the creditor of borrower's intention to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."), *abrogated on other grounds by Hoang v. Bank of Am., N.A.*, 910 F.3d 1096 (9th Cir. 2018); *see also CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) (statutes of repose generally may not be tolled).

The district court did not abuse its discretion by denying Sepehry-Fard's motion for reconsideration because Sepehry-Fard failed to demonstrate any basis for relief.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e)).

We reject as without merit Sepehry-Fard's contentions regarding an entitlement to discovery, an evidentiary hearing, or leave to amend.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests, including all requests set forth in the opening and reply briefs, are denied.

**AFFIRMED.**