NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODRICK I. SATRE; BONITA SATRE DALEY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WELLS FARGO BANK, NA, AKA America's Servicing Company, AKA Wells Fargo Home Mortgage, Inc.; et al., <br><br> Defendants-Appellees. | No. 15-16025 <br><br> D.C. No. 4:10-cv-01405-JSW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, LEAVY and FRIEDLAND, Circuit Judges.

Rodrick I. Satre and Bonita Satre Daley appeal pro se from the district

court's judgment dismissing their action alleging federal and state law claims

arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claims because plaintiffs failed to allege facts sufficient to state plausible claims for relief under 15 U.S.C. §§ 1692d-1692g. *See* 15 U.S.C. §§ 1692d-1692g; *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (discussing protections for borrowers set forth in § 1692f(6)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed plaintiffs' Truth in Lending Act ("TILA") damages claims because these claims are barred by the applicable statutes of limitations and plaintiffs failed to allege facts demonstrating that equitable tolling should apply. *See* 15 U.S.C. § 1640(e) (TILA damages claims are subject to a one-year statute of limitations); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (federal standard for equitable tolling).

15-16025

The district court properly dismissed plaintiffs' TILA rescission claim because plaintiffs failed to allege facts sufficient to show that they sent a notice of rescission to defendants within three years of consummation of the loan. *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period.").

The district court properly dismissed plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim concerning Wells Fargo's failure to respond to plaintiffs' Qualified Written Request ("QWR") because plaintiffs failed to allege facts sufficient to show they suffered damages as a result. *See* 12 U.S.C. § 2605(f)(1) (explaining damages available under RESPA for failure to respond to a QWR).

The district court properly dismissed plaintiffs' Fair Credit Reporting Act

3

("FCRA") claim because plaintiffs failed to allege facts sufficient to show that they gave proper notice under the FCRA. *See* 15 U.S.C. § 1681s–2(b); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002) (the FCRA requires consumers to "filter" their complaints about inaccurate information through the credit reporting agency).

The district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to allege facts sufficient to state any plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *see also* Cal. Civ. Code § 3412 (grounds for cancellation of instruments claim); Cal. Civ. Proc. Code. § 761.020(c) (requirements for quiet title claim); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (setting forth the elements of conversion claim under California law); *Guidiville Band of Pomo Indians v. NGV Gaming, Ltd.*, 531 F.3d 767, 774 (9th Cir. 2008) (elements for intentional interference with contracts under California law); *Puentes v. Wells Fargo Home Mortg., Inc.*, 72 Cal. Rptr. 3d 903, 908 (Ct. App. 2008) (defining "unlawful" and "fraudulent" practices under California's Unfair Competition Law); *Wutzke v. Bill Reid Painting Serv., Inc.*, 198 Cal. Rptr. 418, 421 (Ct. App. 1984) (elements of forgery claim).

We do not consider matters not specifically and distinctly raised and argued

15-16025

in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' pending motions and requests are denied.

**AFFIRMED.**